IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CRIMINAL NO. 09-0094-CG-C |
| MARLON RAYFORD WADE, II | ) ) ) | |
| Defendant. | ) | |

## ORDER

This action is before the court on the motion of defendant, Marlon Rayford Wade, II, for new trial (Doc. 74), the United States' response thereto (Doc. 78), defendant's addendum to his motion (Doc. 79), and the United States' response to the addendum (Doc. 87). The court finds that defendant has failed to meet his burden of establishing that a new trial is warranted. Thus, his motion is due to be denied.

Defendant's original motion seeks a new trial because it has been discovered that, at his trial, a witness for the Government, Nathaniel Agee, may have testified falsely. At defendant's trial, defense counsel asked Agee if he had a daughter, in an attempt to show that Agee had additional motive to lie to obtain a reduction of his sentence. Agee reportedly denied having a daughter and stated that he had no kids, but later, at Agee's sentencing, Agee stated that he has a daughter. The United States brought this possible perjury to the attention of defendant's counsel by letter dated August 11, 2009, the date of Agee's sentencing.

In his addendum, defendant further alleges that another witness, Agent Nixon, falsely

testified at trial that a phone number that defendant called belonged to a Danny Miller, who was reportedly to receive cocaine from defendant.  Defendant claims the number called actually belonged to defendant's employer.  Defendant states that the "perjurious, unsupported claim by Nixon 'corroborated' his claimed oral 'confession' by Wade." (Doc. 79, ¶ 1).  Defendant then argues that the prosecutor should have known that the telephone call was not to Danny Miller and should have also known that Nathaniel Agee had a child.  Defendant believes that the United States was aware of the false testimony and should have advised defense counsel during the trial that the witnesses had perjured themselves.

Defendant's first claim for a new trial appears to be based on newly discovered evidence.  A new trial based on newly discovered evidence is warranted only if:

> (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result.

United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (citations quotation omitted).  "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (citation omitted).  The defendant bears the burden of proof to establish each element justifying a new trial. See United States v. Devila, 216 F.3d 1009, 1015 (11th Cir. 2000).

Defendant may claim that the information that Agee had a daughter and that the phone number called by defendant belonged to defendant's employer constitutes new evidence.  However, defendant has not shown that he attempted, but was unable to, procure this information prior to trial.  There has been no assertion or showing that plaintiff attempted to obtain information regarding whether Agee had any dependents prior to trial.  Moreover, information regarding Agee having a daughter  is merely impeaching and therefore does not warrant a new

trial.  Additionally, the defendant obtained toll records for his own cellular telephone and provided them to the government prior to trial.  He would have also been free to subpoena telephone subscribers for the numbers he called, if he did not already know the subscribers to the numbers he called.  Defendant has not shown why, with due diligence, he could not have procured the subscriber records himself.

Defendant also has not alleged that any of the evidence was material or would lead to a different result at a new trial.  As pointed out by the United States, the evidence against defendant was substantial and rested on a number of witnesses, taped conversations, and physical evidence.  It is unlikely that evidence that Agee had a daughter would lead to a different result if introduced at a new trial.  Nor has plaintiff shown that if granted a new trial, the submission of evidence that the call in question was to defendant's employer would probably produce a different result.

Defendant's other claims for new trial appear to raise Brady[1] and/or Giglio[2] issues.  In Brady, the Supreme Court ruled that due process requires a prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a), since eventually, such evidence may "undermine[ ] confidence in the outcome of the trial."  United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1995) (quoting United States v. Bagley, 473 U.S. 667, 678 (1985)).  In order to demonstrate a Brady violation, the defendant has the burden to show (1) that favorable evidence, either exculpatory or impeaching, (2) was willfully or inadvertently suppressed by the State, and (3) because the evidence was material, the

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)

[2] Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)

defendant was prejudiced. Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). In order to meet the materiality prong of Brady, the defendant must demonstrate "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Youngblood v. West Virginia, 547 U.S. 867, 870 126 S.Ct. 2188, 2190 (2006).

In the instant case, the defendant has not demonstrated that Nixon testified falsely. Defendant has not provided a transcript of the portion of the testimony in question or provided any evidence to show that the testimony was false. Moreover, defendant has presented no evidence that the United States suppressed any evidence with regard to the phone numbers called by defendant. The toll records for defendant's cellular phone were provided to the United States by defendant and the United States did not subpoena the telephone subscribers for the numbers defendant called. Defendant has also failed to assert or demonstrate that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

As to information that Agee has a daughter, defendant has not shown that the United States suppressed that information. In fact, the evidence tends to show that the United States immediately informed defendant of the information upon discovering the information. Nor has defendant shown that there is a reasonable probability that disclosure of that evidence to the defense prior to trial would have changed the result of the trial.

"Giglio error, a species of Brady error, occurs when 'the undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury.'" Davis v. Terry, 465 F.3d 1249, 1253 (11th Cir.

2006) (per curiam) (quoting Ventura v. Att'y Gen., Fla., 419 F.3d 1269, 1276-77 (11th Cir. 2005)). In order to show a Giglio violation, the petitioner must show that the prosecutor "knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." United States v. Dickerson, 248 F.3d 1036, 1041 (11th Cir. 2001). As previously discussed, defendant has not shown that Nixon's testimony was perjured, and the evidence shows that the United States attempted to inform defendant of Agee's perjured testimony as soon as it became aware that it may have been false. Defendant has failed to come forward with anything to show that the United States knowingly withheld the information. As discussed above, defendant has also not shown that the false testimony was material.

## CONCLUSION

For the reasons stated above, defendant's motion for new trial (Docs. 74, 79) is **DENIED**.

**DONE and ORDERED** this 2nd day of October, 2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE