IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs.                                                                           )<br>)<br>)<br>MARLON RAYFORD WADE, II                  )<br>)<br>Defendant.                                                    ) | CRIMINAL NO. 09-0094-CG-C |

### ORDER

This action is before the court on the renewed motion of defendant, Marlon Rayford Wade, II, for new trial (Doc. 98), and the United States' response thereto (Doc. 104).  The court finds that defendant has failed to meet his burden of establishing that a new trial is warranted, and that his motion is due to be denied.

This renewed motion raises the same issues raised in defendant's original motion for new trial which this court denied.  Defendant's motion seeks a new trial based on the allegedly "newly discovered evidence" that a witness for the Government, Nathaniel Agee, committed perjury when testifying and also because during the trial Agent Nixon allegedly falsely testified that the  defendant telephoned Danny Miller.

As this court stated in a prior order, a new trial based on newly discovered evidence is warranted only if:

> (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result.

United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (citations quotation omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (citation omitted). The defendant bears the burden of proof to establish each element justifying a new trial. See United States v. Devila, 216 F.3d 1009, 1015 (11th Cir. 2000).

This court previously found that the claimed new information - that Nathaniel Agee has a daughter and that the phone number defendant called did not belong to Danny Miller - could have been procured by defendant prior to trial. Additionally, the court found that the information regarding Agee's dependents is merely impeaching. Nothing offered by defendant in this renewed motion persuades the court otherwise. The court is also not persuaded by defendant's arguments that the information is material, but even if the information could affect the outcome, that alone is insufficient justification for granting a new trial based on new evidence. Defendant must satisfy all of the elements listed above to warrant a new trial.

Defendant also bases an argument on Agee's testimony on cross-examination at trial, in which he denied opening a lawn care business and denied that defendant took him to obtain insurance on his lawn care equipment. Defendant asserts that there are documents which will show that Agee purchased approximately $40,000.00 of lawn care equipment and that records from Green Insurance Agency exist that will prove that Agee applied for insurance on this lawn care equipment with defendant present as a reference. However, assuming such documents exist, defendant has offered no evidence that they were unavailable to him at trial, or that he used due diligence to obtain that information prior to trial. Defendant contends that he was present and acted as a reference when Agee allegedly applied for the insurance for the lawn care equipment. Those contentions were certainly within the defendant's knowledge before and

2

during the trial, and he cannot now successfully claim that the evidence is newly discovered. Additionally, such impeaching evidence, if presented at trial, would not likely have resulted in a different outcome.

Any claims for new trial which are not based on newly discovered evidence are untimely, as they "must be filed within seven days of the verdict, pursuant to Rule 33(b)(2)." United States v. Campa, 459 F3d 1129, 1151 (11th Cir. 2006). The verdict in this case was entered on July 17, 2009 (Doc. 70) and even if the court viewed the current motion as relating back to defendant's first motion for new trial, the first motion was not filed until August 24, 2009 (Doc. 74). Thus, to the extent defendant's motion is based on something other than newly discovered evidence, it is untimely.

Even if they had been filed in a timely manner, defendant's other grounds do not warrant a new trial. Defendant restates his claim that the prosecution suppressed material evidence. Defendant is correct that Brady v. Maryland[1] requires a prosecutor to turn over to the defense evidence that is favorable to the accused even if the evidence is merely impeaching. See Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) ("the duty encompasses impeachment evidence as well as exculpatory evidence" citation omitted). Defendant argues that the evidence that Agee has a daughter is impeaching evidence that the prosecutor should have known at the time of trial because Agee had been a cooperating informant since 2002 and the Government had a copy of Agee's Presentence Investigation Report ("PSI") report.  The United States argues that defendant never requested any information about Agee's family; but, the duty to disclose favorable evidence "is applicable even though

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)

there has been no request by the accused" Strickler, 527 U.S. at 279 (citing United States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).  However, other than the PSI report, the United States contends that there are no reports or documents in its possession with information about Agee's family.  The United States also states that the trial prosecutor, who had no knowledge that Agee had a child when the defense counsel asked questions about Agee's daughter, notified defendant's counsel immediately upon hearing Agee state at his sentencing on August 11, 2009, that he had a child.  The United States further states that had defendant requested such information prior to trial, the United States would have attempted to determine whether Agee had any dependents.  As to the PSI, it was within the possession, custody or control of a federal court or probation officer and is not considered to be within the possession, custody or control of the government. U.S. v. Brazel, 102 F.3d 1120, 1150 (11th Cir. 1997) (citing United States v. Trevino, 556 F.2d 1265, 1271 (5th Cir.1977) (holding that a presentence report generally is not considered to be in the government's possession for purposes of Brady material)).

## CONCLUSION

For the reasons stated above, defendant's renewed motion for new trial (Doc. 98) is **DENIED**.

**DONE and ORDERED** this 25th day of November, 2009.

          /s/   Callie V. S. Granade
      CHIEF UNITED STATES DISTRICT JUDGE