IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 09-0094-CG-C |
| MARLON RAYFORD WADE, II, | ) |
| Defendant. | ) |

### ORDER

This action is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 131), the objection thereto of Marlon Rayford Wade, II (Doc. 137), Wade's motion to vacate, which this court construed as a motion brought under 28 U.S.C. §2255 (Doc. 114), the motion of defendant "to transfer case back to Judge Callie Granade's criminal docket," which the court views as a motion for new trial (Doc. 121), the Government's motion to dismiss defendant's 2255 (Doc. 123).  The Magistrate Judge's Report and Recommendation found that the Government's motion to dismiss should be granted and that Wade's motion to vacate should be denied. (Doc. 131).  However, the Magistrate's Recommendation did not address Wade's motion for new trial which defendant contends he asserted in both documents 114 and 121. After a de novo review of both motions, the court finds that defendant's motion to vacate is premature and that he has failed to meet his burden of establishing that a new trial is warranted. Therefore, defendant's motion to vacate is due to be dismissed and his motion for new trial is

1

due to be denied.

The Magistrate Judge found that defendant's 2255 motion was premature because defendant's direct appeal is currently pending, and this court has no jurisdiction to entertain the motion.  See United States v. Dunham, 240 F.3d 1328, 1329-1330 (11th Cir. 2001).  Defendant states that his motion to vacate was not intended to be treated as a § 2255 petition, but was instead filed with the intention of obtaining a new trial.   However, even if defendant's motion to vacate is viewed as a motion for new trial, the court finds it is due to be denied.

Both defendant's motion to vacate and his motion "to transfer case back" are based on his counsel's alleged ineffective assistance.  Defendant seeks a new trial under Rule 33 on the basis of newly discovered evidence.[1]  Defendant states that he "did not discover and learn that his counsel was grossly ineffective and had effectively joined the prosecutor in an effort to convict him until after trial and between the time the jury returned the verdict and sentencing."(Doc. 121, p. 2).  Courts have generally held that an ineffective assistance of counsel claim cannot be considered "newly discovered evidence" for purposes of Rule 33 where the facts that gave rise to the claim, including tactical errors of the defense counsel, were known to the defendant at the time of trial even though the defendant might have failed to appreciate the legal significance of those facts until some time later.[2]  See U.S. v. Osorio-Pena, 247 F.3d 14 (1st Cir. 2001); U.S. v.

---

[1] The court notes that Rule 33 mandates that a motion for new trial based on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty. FED. R. CRIM. PROC. 33(b).  The jury found defendant guilty on July 17, 2009. (Docs. 70, 71).  The earliest motion before the court at this time was filed on December 14, 2009. (Doc. 114).  Thus, defendant's motion would be untimely if it were based on any reason other than newly discovered evidence.

[2] Some courts have concluded that a Rule 33 motion based upon newly discovered evidence is simply not a good fit for an ineffective assistance claim. U.S. v. DeRewal, 10 F.3d

Dukes, 727 F.2d 34 (2d Cir. 1984); U.S. v. Medina, 118 F.3d 371 (5th Cir. 1997), U.S. v. Ugalde, 861 F.2d 802 (5th Cir. 1988); U.S. v. Seago, 930 F.2d 482 (6th Cir. 1991); U.S. v. Sanchez, 917 F. Supp. 29 (D.D.C. 1996), aff'd, 115 F.3d 1033 (D.C. Cir. 1997); U.S. v. Laird, 948 F.2d 444 (8th Cir. 1991); U.S. v. Jackson, 88 F.3d 845 (10th Cir. 1996).  "[T]o get the benefit of the two-year time limit of Rule 33, the factual evidence itself, not the unappreciated legal significance of those facts, is what must be unknown to a criminal defendant prior to the return of the jury verdict. U.S. v. Calderon, 127 F.3d 1314, 1352 (11th Cir. 1997). Defendant contends otherwise, citing United States v. Brown, 476 F.2d 933, 935 n. 11 (D.C. Cir. 1973) and United States v. Thompson, 475 F.2d 931, 932 & n. 4 (D.C. Cir. 1973).  However, the court is not persuaded by these District of Columbia cases.  As the Fifth Circuit explained:

> Newly discovered evidence must be newly discovered evidence. Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33. United States v. Demopoulos, 506 F.2d 1171, 1180-81 (7th Cir. 1974), cert. denied, 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 673 (1975). Ellison, 557 F.2d at 133.
>
> Only the District of Columbia Circuit follows a contrary rule. In United States v. Brown, 476 F.2d 933, 935 n. 11 (D.C. Cir. 1973), the court found that "evidence of the ineffectiveness of trial counsel ... brought to the attention of the court for the first time in support of [a motion for a new trial] is 'newly discovered' for ... purposes of Rule 33." See also, United States v. Thompson, 475 F.2d 931, 932 & n. 4 (D.C. Cir. 1973); United States v. Smallwood, 473 F.2d 98, 104 (D.C. Cir. 1972) (Bazelon, J., concurring). This line of cases appears to support the view that a defendant may raise a claim of ineffective assistance of counsel in a motion for new trial on grounds that such evidence constitutes newly discovered evidence, even if the facts underlying that claim were known to the

---

100 (3d Cir. 1993); U.S. v. Hanoum, 33 F.3d 1128 (9th Cir. 1994).  These courts hold that newly discovered evidence must generally, if not always, be related to the issues at trial and the elements of the crime charged, and newly discovered evidence of the ineffective assistance of counsel does not directly fit these requirements. See DeRewal, 10 F.3d at 104; Hanoum, 33 F.3d at 1130.  Ineffective assistance of counsel claims are more properly asserted in a postconviction proceeding under 28 U.S.C. § 2255. U.S. v. Ugalde, 861 F.2d 802, 809 (5th Cir. 1988)

> defendant at the time of trial.
>
> The District of Columbia rule is apparently based upon an effort by that Circuit to ameliorate the differences between the direct appeal and habeas standards for reviewing ineffective assistance of counsel claims in that Circuit. See Ellison, 557 F.2d at 133 (discussing the D.C. Circuit cases). We disagree with this interpretation of the "newly discovered evidence" clause. That clause does not create a general, equitable exception to the seven-day limit upon new trial motions, enabling defendants to escape the limit if it imposes a significant hardship. Rather, we read the clause to set a longer time limit applicable to a well-defined set of cases: cases in which previously unknown facts come to light. Contentions based upon known but unappreciated facts do not fall within the category governed by the more generous two-year limit.

U.S. v. Ugalde, 861 F.2d 802, 806 (5th Cir. 1988).  In the instant case, defendant has not shown that any previously unknown facts have come to light.  The actions of defense counsel underlying defendant's claim of ineffective assistance of counsel were known to the defendant at the time of trial.  Therefore, defendant's motion for new trial is due to be denied.  When a court finds that claims of ineffective assistance of counsel do not constitute newly discovered evidence, it is thereby deprived of jurisdiction to hear the claims. U.S. v. Villarreal, 324 F.3d 319 (5th Cir. 2003).

### **CONCLUSION**

For the reasons stated above, defendant's motion to vacate (Doc. 114), to the extent it can be considered a motion for new trial, and defendant's motion "to transfer case back to Judge Callie Granade's criminal docket" (Doc. 121) are **DENIED**.  The motion of the United States to dismiss defendant's motion to vacate brought under 28 U.S.C. §2255(Doc. 123) is **GRANTED,**

and defendant's motion to vacate (Doc. 114), 1:09-cv-00810-CG, is hereby **DISMISSED**[3].

**DONE and ORDERED** this 22nd day of March, 2010.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[3] This ruling in no way impinges on the defendant's right to bring a timely 2255 petition if his direct appeal is not successful.