IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARLON RAYFORD WADE, II, | * |
| | * |
| Petitioner, | * |
| | * CIVIL ACTION NO. 10-00590-CG-B |
| vs. | * |
| | * CRIMINAL NO. 09-00094-CG-B-1 |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on Petitioner Marlon Rayford Wade, II's Motion to Proceed *In Forma Pauperis* on Appeal (Doc. 181). Petitioner's motion was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(1)(B).

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3); FED. R. APP. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are

1

"indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). In other words, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

Upon review, the undersigned finds that Wade's appeal is without arguable merit and thus recommends that the instant motion be denied. In Wade's Notice of Appeal, he seeks to appeal the Court's denial of his multiple requests for release from custody pending appeal. (Docs. 124, 171, 174). Wade was convicted on July 17, 2011 of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(B). He was sentenced by District Judge Granade on December 8, 2009 to ninety months imprisonment and five years supervised release. Subsequent thereto, Wade appealed his conviction and sentence, and while his appeal was pending, he filed a motion requesting release. (Doc. 124). Judge Granade denied his request for release and observed that 18 U.S.C. § 3143(b)(2) requires that he remain detained pending his appeal. (Doc. 125). The Eleventh Circuit dismissed Wade's appeal for lack of jurisdiction on

2

April 15, 2010 (Doc. 144), and subsequent thereto, Wade filed a Motion to Vacate (Doc. 147), which is still pending. On July 18, 2011, Wade filed a Motion for Emergency Bond and on September 8, 2011, he filed a Motion for Release on Personal Recognizance. (Docs. 171, 174). Both motions were denied by Judge Granade. (Docs. 172, 175).

Wade now seeks to appeal the multiple decisions denying his request for release. 18 U.S.C. § 3143 establishes the circumstances under which a person who has been found guilty and sentenced to a term of imprisonment may be released from detention pending resolution of an appeal. Additionally, 18 U.S.C. § 3143(b)(2) prohibits persons convicted of an offense for which a maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § § 801 et seq.) from being released while an appeal is pending. As a result, at the time Wade sought release in 2010, while his appeal was pending, he was not eligible for release because of the drug offense for which he had been convicted. Moreover, his subsequent bond requests were properly denied because he did not have an appeal pending, and in any event, 18 U.S.C. § 3143(b)(2) prohibited his release due to the drug offense for which he was convicted.

In light of the foregoing, the undersigned finds that the issues Wade seeks to raise on appeal, namely the denial of bond, are not debatable and would not be resolved by a court in a

different manner. Thus, Wade's appeal is not brought in good faith. Accordingly, the undersigned recommends that his Motion for Leave to Appeal *In Forma Pauperis* be denied.

The attached sheet contains important information regarding objections to this Report and Recommendation.

Done this **20th** day of **December, 2011.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*. Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1] The Court's Local rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (Applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.